UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CATHERINE DELBOVO and <br> BRUCE DELBOVO, <br><br> Plaintiffs, <br><br> v. <br><br> SPEEDWAY, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 2:16-cv-481 <br> ) <br> ) <br> ) <br> ) |

## **OPINION AND ORDER**

Plaintiffs Catherine and Bruce Delbovo have objected to removal of this case to federal court on grounds that the notice of removal was untimely. (DE 16.) Speedway argues that the 30-day window for removing under 28 U.S.C. § 1446(b) did not close until December 6, 2016, 30 days after it received discovery suggesting that the amount in controversy exceeds $75,000. (DE 21.) Because of some uncertainty about the timing of the removal, I held oral argument on the plaintiffs' objection on January 23, 2017, and because I agree that there was little reason to suspect the jurisdictional amount was satisfied until Speedway received Delbovo's interrogatory answers and other discovery, Plaintiffs' objection is overruled.

## **Background**

The plaintiffs, Catherine and Bruce Delbovo, filed this case in the Lake County, Indiana Superior Court on May 23, 2016, and served the defendant on June 6, 2016. (DE 5.) The complaint alleges that Catherine Delbovo "suffered serious injuries and

damages to her mind and body, some of which are permanent" when she "tripped on a block of ice and fell violently" while on Speedway's property. (*Id.* at ¶ 11.) The complaint further alleges that Delbovo incurred "future hospital, doctor, and other medical expenses in an amount she is presently unable to state" and that she lost "the value of her time in attending to her injuries and, as a result, was caused to suffer a loss in the value of her time and an attendant loss of wages from her employment in an amount presently not known." (*Id.* at ¶ ¶ 12, 13.) Last, the complaint alleges that Bruce Delbovo suffered "the loss of services of his Wife and her society, support, love, companionship and consortium[.]" (DE 5 at ¶ 15.)

Speedway did not immediately remove the case to federal court. Instead, the parties proceeded with discovery in state court, and Speedway's attorney served interrogatories and a request for production on the Delbovos on July 1, 2016. (DE 21-1 at ¶ 5.) Speedway's counsel gave the Delbovos an extension of the time to respond to the interrogatories and discovery requests, and they responded on November 8, 2016. (*See id.* ¶¶ 6, 7.) The discovery ultimately provided stated that Catherine Delbovo had hip surgery, still had pain, and walked with a limp and that her medical expenses were already close to $60,000. (*Id.*) It was at this point that Speedway filed its notice of removal. (DE 1.)

## Discussion

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through

2

service or otherwise, of a copy of the initial pleading[.]" But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The Delbovos argue that Speedway was obligated to remove the case within 30 days after service of the complaint (i.e., by July 6, 2016) because it was obvious from the face of the complaint that damages would exceed $75,000 and that the parties were diverse. (DE 16 ¶ 9.) Speedway counters that the jurisdictional amount could not be determined from plaintiffs' vague allegations of permanent injuries and that the case only became removable after interrogatory responses and discovery produced in November 2016 suggested that the jurisdictional amount was satisfied.

At oral argument, the Delbovos pointed to Speedway's Notice of Removal, which stated that the case was removable "[b]ased on the allegations of the plaintiff's Complaint," as evidence that Speedway knew the case was removable before it received any discovery. (*See generally* DE 1 ¶ 4.) But, as I noted during the hearing, I think the language quoted from Speedway's notice was boilerplate rather than an intentional declaration of the grounds on which defendant believed the case was removable.

The Delbovos also argued in their briefing and at the hearing that, even if the complaint didn't make clear that the amount in controversy exceeded $75,000, Speedway knew that was the case on or around July 1, 2016 because plaintiffs' counsel

3

told Speedway's counsel during a telephone conversation that Catherine Delbovo had hip surgery, was attending physical therapy, and "had suffered serious physical and emotional pain and suffering." (*Id.* ¶¶ 6, 7.) Speedway responded that counsel's conversation concerned the nature of Delbovo's injuries and included no demand or estimation of damages.

Considering the circumstances, I agree with Speedway that the deadline for removal was not triggered by service of the complaint. It just wasn't clear from that document—which per Indiana law had no *ad damnum* clause and didn't specify what injuries the Plaintiff suffered—that the amount in controversy was even in the neighborhood of $75,000. If Speedway had removed the case at that time, it would have borne the burden of showing the amount the plaintiff stands to recover by a preponderance of the evidence. *See E.I. DuPont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). In this circuit, there are several ways to carry that burden, including:

> by contentions interrogatories or admissions in state court; by calculation from the complaint's allegations . . . ; by reference to the plaintiff's informal estimates or settlement demands . . . ; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands[.]

*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (internal quotation marks and citation omitted). But Speedway had precious little available to it at that time to justify removal. The complaint had vague allegations about permanent injuries and lost wages, but "[n]either 'permanent injury' nor 'loss of future earnings' are magical

4

terms of art that automatically demonstrate that the jurisdictional threshold has been met." *Kuhlman v. Walgreen Co.*, No. 2:10-cv-84, 2010 WL 1737849, at *4 (N.D. Ind. Apr. 26, 2010). Further, the complaint alleged no hard numbers (or even specific medical problems) from which the amount in controversy could be estimated, and the discovery that ultimately yielded that information had yet to be requested and received. Last, even if the parties' attorneys had a conversation contemporaneous with service of the complaint about Delbovo's injuries and surgery, there is no evidence that Plaintiffs made a demand, estimated damages, or even mentioned the insurance lien that was ultimately placed on the litigation during that conversation.

In short, the most Speedway knew was that Delbovo had some permanent injuries and had undergone surgery, and there were good reasons to think that trying to remove at that time would be a waste of time and money, given the lack of evidence about the amount in controversy. *See generally, .e.g.,* Kuhlman, 2010 WL 1737849, at *5 (finding removal inappropriate and remanding where complaint alleged undefined permanent injuries and lost earnings); *see also, e.g., Loya v. Chad & Maria Investments, LLC*, No. 4:13-cv-4111, 2014 WL 321865, *2 (C.D. Ill. Jan. 29, 2014) (finding removal inappropriate even though complaint alleged "serious and permanent injuries," "mental and neurological damages," future pain and suffering, and lost future wages from lead poisoning); *Willyard v. Wal-Mart Stores, Inc.*, No. 08-cv-492, WL 303636, at *4 (S.D. Ill. Feb. 6, 2009) (remanding case *sua sponte* for lack of jurisdiction even though complaint alleged serious and permanent injuries and plaintiff refused to stipulate that he would

5

not seek to enforce a judgment in excess of $75,000). In addition, there is no evidence that Speedway acted in bad faith or sat on its rights by waiting to remove the case. Speedway promptly served the discovery that ultimately uncovered information about in the amount in controversy a short time after it was served with the complaint, and it filed its removal notice just a week after it received the plaintiffs' responses to that discovery.

For all of these reasons, Speedway's removal was proper. It was not until November 2016, when Speedway received the plaintiffs' interrogatory responses and discovery, that it became obligated to file its removal notice, which it promptly did on November 15, 2016. To hold otherwise would lead defendants to remove now and ask questions later and would result in cases bouncing back and forth between state and federal court. That's no way to run a railroad.

**Conclusion**

Accordingly, the Plaintiffs' Objection to Notice of Removal (DE 16) is **OVERRULED.**

**SO ORDERED.**

ENTERED: March 30, 2017.

s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT